THE PEOPLE, on the relation of James Taylor, district attorney, *vs.* YATES GENERAL SESSIONS.

A court of special sessions before whom a conviction is had, may proceed and cause their judgment to be executed, notwithstanding notice of an intention to remove the conviction and the entering into a recognizance by the defendant, if a *certiorari* is not sued out.

Nov. 18th.

MOTION for mandamus. J. G. Nichols was convicted at a court of *special sessions*, in the county of Yates, of an assault and battery, and fined $15; he notified the magistrates before whom the conviction was had, that he intended to remove such conviction by *certiorari* into this court, and entered into a recognizance to appear at the next court of *general sessions* of the peace to be held in the county of Yates, and

to abide the judgment or order of that court in the premises. 2 *R. S.* 718, § 50. He neglected to sue out a certiorari, and the district attorney of Yates moved the general sessions for a rule that the defendant appear and shew cause why the sentence of the special sessions should not be executed. The court refused to grant the rule, and a mandamus is now asked for requiring them to grant it.

*J. Taylor,* (district attorney,) for the motion.

*By the Court,* SAVAGE, Ch. J. The court of general sessions have no jurisdiction to cause the sentence of the special sessions to be executed until *after* the conviction has been removed into this court and our judgment has been remitted to the general sessions. 2 *R. S.* 719, § 54, 55, 56, 57. The court of special sessions have not lost jurisdiction of the matter; a *certiorari* not having been issued, the proceedings remain before them, and they have authority to cause their judgment to be executed. 2 *R. L.* 716, § 31. The motion for a mandamus is therefore denied.